United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50980
Summary Calendar
_____

ALICIA SIQUIEROS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(3:03-CV-478-FM)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Alicia Siquieros ("Taxpayer") appeals the district court's denial of her motion for summary judgment and grant of the motion for summary judgment of the Defendant-Appellee United States of America ("the government"), dismissing Taxpayer's lawsuit seeking judicial review of the Notice of Determination issued by the Internal Revenue Service ("I.R.S."). We affirm.

The gravamen of Taxpayer's complaint is that the I.R.S. abused its discretion in refusing to accept her $100 offer to compromise

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

her federal tax liability arising from the Trust Fund Recovery Penalty assessed by the I.R.S. against Taxpayer as a "responsible party" for employment taxes withheld from employees of E.C. Trucking, Inc. but not paid over to the government by that corporation (which sought protection in bankruptcy and is no longer in business). Taxpayer is deemed a responsible party by virtue of her position of employment with E.C. Trucking, Inc. at the times in question.

Like the district court, we are bound to apply the highly deferential abuse of discretion standard to the decisions of the I.R.S. complained of by the Taxpayer. In so doing, we have carefully considered the record on appeal (which demonstrates, as confirmed by the parties' cross-motions for summary judgment, that there are no genuinely disputed issues of material fact) and the issues of law presented and argued in the appellate briefs of the parties, observing the extensive exhaustion of administrative remedies by Taxpayer, through the appellate process, including the offers and counteroffers of settlement by the parties.

It is immaterial whether we or the district court might have exercised our discretion differently and either accepted one of the settlement proposals from Taxpayer or extended counteroffers that Taxpayer might have deemed more lenient. Our review is limited to determining whether, under all the circumstances of the case —— including factors favorable to Taxpayer's position, such as age, health, financial condition, and lack of factual culpability —— the

2

I.R.S. abused its discretion in rejecting the compromise offers of Taxpayer or in making its own counteroffers.  Our thorough review of the facts and applicable law under this highly deferential standard of review convinces us that, as a matter of law, the I.R.S. cannot be held to have abused its discretion.  Consequently, we affirm the district court's grant of summary judgment dismissing Taxpayer's action.

AFFIRMED.